# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-60485
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2023

Lyle W. Cayce
Clerk

Dean C. Boyd,

*Plaintiff—Appellant*,

*versus*

Vickie Thomas; N.P. Miranda Shegog; P.A. Shauna Nguyen; Shirley Harris; M.D. James Glisson; Sergeant Williams; Officer Sanders; Willie Knighten,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-113

———————————————————————

Before Dennis, Elrod, and Willett, *Circuit Judges*.

Per Curiam:[*]

Dean C. Boyd, Mississippi prisoner # 167698, appeals the dismissal without prejudice of his civil rights complaint for failure to exhaust administrative remedies.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60485

Liberally construed, Boyd's brief contends that the district court erred by dismissing his claims without first holding an evidentiary hearing; the district court incorrectly dismissed his claims for failure to exhaust administrative remedies because he pursued his grievances to their conclusion; and his substantive claims were meritorious.

Regarding his claim that the district court failed to first hold an evidentiary hearing, Boyd has failed to meaningfully brief the argument and has therefore abandoned the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Next, Boyd claims that he complied with the Mississippi Department of Corrections' Administrative Remedy Program procedure by submitting corrected versions of the grievances within the requisite time period after they were rejected. However, Boyd did not make this argument in his responses to the defendants' motions to dismiss or for summary judgment. He did not make any allegation that he timely resubmitted corrected grievances until after final judgment was entered, and, when he did do so, the allegation was not accompanied by any evidence. Boyd offered nothing more than "conclusional allegations and unsubstantiated assertions," on which he may not rely as evidence. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). To the extent that he argues on appeal that, contrary to the district court's conclusion, he did name Willie Knighten in grievance MSP-20-1271, this is unsupported by anything in the record other than Boyd's bald assertion.

Boyd also contends that simply filing a grievance, even if procedurally defective, was sufficient to comply with state procedural requirements. However, he does not explicitly argue, and there is nothing in the record which indicates, that any of the three circumstances under which "an administrative remedy, although officially on the books, is not capable of use

to obtain relief" is present in this case. *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (internal quotation marks and citation omitted). Unlike the prisoner in *Huskey*, Boyd has not contended, either in the district court or on appeal, that he was not given documents which fully explained the grievance process or that the administrative process was so opaque it was unusable. *See id*. at 829-30. Moreover, although Boyd claims he submitted revised grievances following rejection, there is no evidence in the record that he actually did so but that his attempt was rejected. *See id*. at 829.

The district court did not err in dismissing Boyd's claims for failure to exhaust administrative remedies. Accordingly, we need not address Boyd's argument that his substantive claims were meritorious. The judgment of the district court is AFFIRMED.